UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA WINGET** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-0229** |
| **CORPORATE GREEN, LLC.** | **CIVIL ACTION** |

## ORDER AND OPINION

Before the Court are the "Motion for Partial Summary Judgment" filed on behalf of plaintiff Barbara Winget (Doc. 13) and the "Motion for Summary Judgment" filed on behalf of defendant Corporate Green, LLC ("Corporate Green"). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, denies the defendant's motion for summary judgment and grant's plaintiff's motion in part and denies it in part as explained herein after.

BACKGROUND

From July 2006 until December 24, 2009 Barbara Winget worked for Corporate Green, a landscaping business in Baton Rouge. Initially Ms. Winget worked in the Corporate Green office and received overtime pay for any hours over 40 hours per week. However, beginning around July 15, 2007, Ms. Winget began working on a detail crew. As a member of the detail crew, Ms. Winget traveled to the property of various customers and planted bushes and flowers as well as mulched and cleaned flower beds.

Corporate Green did not pay overtime to its detail crew employees who worked more than forty hours per week. Rather, the company paid detail crew workers based on "budgeted hours," which Chris Casselberry, the Chief Financial Officer of Corporate Green, described as follows: "[e]very one of our jobs have a budgeted time that we allow people to work on it. That's what we paid you. If you went over or if you went under, that's what you got paid." Doc. 15-3, Deposition

of Casselberry, p. 23. He also stated that in determining the budgeted hours "a computer form" and "historical facts of what our crews normally do that job in" were relied upon and that the budgeted time was "a high estimation . . . All our crews always did it under those hours. They always received a bonus." *Id.* In describing the bonus Mr. Casselberry stated "let's say you worked ten hours, but the budgeted hours was 12. You got paid for 12 but you only worked ten. All of our crews historical got bonus hours." Doc. 13-4. Deposition of Casselberry, p. 24. Additionally he stated "that's why we gave them extra, because all the people we talked to, that's how we compensated for overtime actually, tell you the truth. Okay. They are earning more than they would have on straight time plus overtime." *Id*. at p. 27. Corporate Green also paid members of the detail crew budgeted hours for travel for driving from one job to another, and paid detail crew workers $8.00 for a weekly employee meeting regardless of the length of the meeting.

Barbara Winget filed suit against Corporate Green alleging that it violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA") by failing to pay her overtime for her work in excess of 40 hours per week.[1] Plaintiff seeks to recover unpaid overtime as well as liquidated damages for Corporate Green's violation of the FLSA.

Plaintiff filed a motion for partial summary judgment seeking an order that she is entitled to overtime for all hours worked over 40 per week and that she is entitled to liquidated damages because defendant cannot demonstrate a good faith belief that its practices were in compliance with

---

[1] It is apparent from deposition testimony filed in connection with these motions, that Corporate Green has been audited by the Department of Labor with respect to the failure to pay overtime, and has been ordered to make overtime time payments to a number of employees including a payment of $1,089.00 to Ms. Winget. Doc. 15-3, Deposition of Castelberry, p. 50. It is not apparent from the record whether the audit predated Ms. Winget's suit.

the FLSA. Defendant opposes the motion contending that it paid plaintiff more money in wages than she would have under the FLSA and that Corporate Green made honest and reasonable efforts to comply with the FLSA, including consulting an attorney and receiving legal advice regarding its pay practices. Defendant has filed a motion for summary judgment seeking dismissal of all of plaintiff's claims on the same grounds on which it opposes plaintiff's motion for summary judgment and alternatively urges that if plaintiff is determined to be entitled to overtime that defendant receive credit a "credit or offset for all sums paid to Winget during her employment in accordance with the FLSA.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law"  Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." Stults v. Conoco, 76 F.3d 651 (5th Cir.1996), (citing Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 912-13 (5th Cir.) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986))). When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

Thus, where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 588, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986). Finally, this Court notes that the substantive law determines materiality of facts and only "facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

## LAW AND ANALYSIS

A. Entitlement to Overtime

It is undisputed that plaintiff frequently worked more than 40 hours per week as a member of the detail crew while employed by Corporate Green. Corporate Green asserts that because it paid plaintiff more under its budgeted hours system than she would have earned had she been paid overtime, it is not subject to overtime payments. Corporate Green's contention is not persuasive.

In general, the FLSA provides that:

> no employer shall employ any of his employees who in any workweek is . . . employed in an enterprise engaged in commerce .. ., for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(1). "The purposes of the overtime requirement are two-fold: (1) to spread employment by placing financial pressure on the employer to hire additional workers rather than employ the same number of workers for longer hours, and (2) to compensate employees who do work 'overtime' for the burden of having to do so." *Donovan v. Brown Equipment and Service*, 666 F.2d 148, 152 (5th Cir. 1982). There are exceptions to the overtime provisions of the FLSA;

however, significantly Corporate Green has not cited, nor has the Court located, any exception to the FLSA applicable to plaintiff which would take her outside the protection of §207(a)(1). Accordingly, the Court grants plaintiff's motion for summary judgment to the extent that it seeks an order that plaintiff is entitled to overtime compensation for any hours worked in excess of forty (40) hours per weeks for the time that she was employed by Corporate Green on a detail crew, and denies defendant's motion for summary judgment to the extent that it seeks a determination that plaintiff is not subject to the provisions of §207(a)(1).

However, the conclusion that plaintiff is entitled to overtime compensation for any week in which she worked more than forty (40) hours per week does not fully address the issues raised in the parties' motions for summary judgment. Having concluded that plaintiff worked in excess of forty (40) hours per week, an issue remains as to whether Corporate Green owes plaintiff additional compensation for the overtime hours she worked, or whether under the "budgeted hours" approach utilized by defendant, plaintiff has already been adequately compensated for the overtime hours she worked.

"The FLSA requires any employee working over 40 hours in a week to be paid overtime, premium compensation at the rate of one and one-half times their 'regular rate' of pay." *York v. City of Wichita Falls*, 48 F.3d 919, 921 (5th Cir. 1995) (citing 29 U.S.C. §207(a)(1)). To determine whether plaintiff has been adequately compensated for her overtime hours, it is first necessary to determine her regular rate of pay. The "regular rate" of pay includes "all remuneration for employment paid to, or on behalf of, the employee" except for certain payments which are specifically excluded, including:

> (5) extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) of this section or in excess of the employee's normal working hours or regular working hours, as the case may be;
>
> (6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days or rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days.

29 U.S.C. §207(e).

Defendant has not introduced any evidence raising a genuine issue of material fact with respect to the issue of whether any amounts paid to plaintiff as part of her compensation was intended as a "premium rate" within the meaning of §207(e)(5) or (6) or satisfies the requirements of any exclusions set out in §207(e)(1)-(7). Therefore, the compensation that defendant denominates as a "bonus" under the budgeted hours pay scheme must be used in calculating plaintiff's "regular rate" of pay. Additionally, because the "bonus" is properly considered in calculating plaintiff's regular rate of pay, any "bonus" payment made may not be offset against overtime due under the FLSA. *See Hesseltine v. Goodyear Tire & Rubber Co.*, 301 F.Supp. 2d 509, 521 (E.D. Tx. 2005).

Chris Casselberry concedes that the "budgeted hours" pay scheme is a "piece rate salary." Doc. 1503, Deposition of Casselberry, p. 27. Additionally plaintiff states that she was "clearly paid pursuant to a piece rate salary" Doc. 13, p. 5. The method of calculating the regular rate of pay of a "pieceworker" is set forth in 29 C.F.R. §778.11 which provides in pertinent part:

> When an employee is employed on a piece-rate basis, his regular hourly rate of pay is computed by adding together his total earnings

> for the workweek from piece rates and all other sources (such as production bonuses) and any other hours worked (except statutory exclusions): This sum is then divided by the number of hours worked in the week for which such compensation was paid, to yield the pieceworker's "regular-rate" for that week. For his overtime work, the piece-worker is entitled to be paid, in addition to his total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by the number of hours worked in excess of 40 in the week.

29 C.F.R. §778.111(a).  That provision appears to be applicable to plaintiff who received pay for "budgeted hours" for each landscaping job, the equivalent of a "piece" under §778.111, and also received pay for budgeted hours for travel as well as additional compensation for a weekly meeting.

The Court notes that while plaintiff in one part of her memorandum in support of her motion for partial summary judgment urges that the "pieceworker" calculation of §778.111 applies, she later in the same memorandum she contends that the provisions of §778.112 governing "Day rates and job rates" apply to determine her regular rate of hourly pay. The Court concludes that §778.112 does not apply to plaintiff. That section provides in pertinent part:

> If the employee is paid a flat sum for a day's work or for doing a particular job, without regard to the number of hours worked in the day or at the job, and if he receives no other form of compensation for services, his regular rate is determined by totaling all of the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek.

79 C.F.R. §778.112.  Unlike the worker identified in §778.112, it is undisputed that plaintiff received compensation not just for the particular jobs performed, but also for travel time and for the weekly meeting. Thus, §778.112 is inapplicable. The Court grants plaintiff's motion for summary

judgment to the extent that she seeks a determination that 29 C.F.R. §778.111 establishes the proper method of calculating her "regular rate" for purposes of determining the amount owed to her for the hours she worked in excess of forty (40) hours each week during the time she was employed by Corporate Green on a detail team.

B. Liquidated Damages

Plaintiffs seeks an order stating that she is entitled to liquidated damages for defendant's failure to pay overtime pursuant to the FLSA. Under the FLSA, an employer who violates §207 by failing to pay overtime compensation is liable for the unpaid overtime compensation and "an additional amount equal amount as liquidated damages." 29 U.S.C. §216.(b). Although "[l]iquidated damages are awarded as a matter of course for violations of 29 U.S.C. §207 . . . [p]ursuant to 29 U.S.C. §260, . . . a district court may decline to award liquidated damages if the employer demonstrates that it acted reasonably and in good faith." *Solis v. Hooglands Nursery, L.L.C.,* 2010 WL 1404022 (5th Cir. April 7, 2010), citing *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

It is undisputed that prior to implementing the budgeted hours payment method Chris Casselberry consulted with an attorney to determine whether the budgeted hour method of compensation complied with the FLSA and that the attorney Mr. Casselberry consulted advised him that the budgeted hour method was "legal." Doc. 13-4, Deposition of Chris Casselberry, p. 44, 46. Plaintiff however, contends that Corporate Green cannot establish its good faith because it disregarded without investigating information provided to it by plaintiff that indicated that the method of pay being used violated the FLSA and Corporate Green did not consult a lawyer after plaintiff challenged the failure to pay her overtime. Although defendant may ultimately be

unsuccessful in establishing that it acted reasonably and in good faith in failing to pay plaintiff appropriate overtime, it has produced sufficient evidence to raise a genuine issue of material fact on that issue. Thus, plaintiff is not entitled to summary judgment on that issue.

New Orleans, Louisiana, this 26th day of July, 2010.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE